**UNITED STATES of America**

**v.**

**ARKWRIGHT, INCORPORATED; Oce van der Grinten, N.V.**

**Civ. No. 87–2000–D.**

United States District Court, D. New Hampshire.

Oct. 13, 1988.

F. Henry Habicht II, Land Nat. Res. Div., Washington, D.C., Everett C. Sammartino, Office of U.S. Atty., Providence, R.I., Judith Katz, E.P.A., Washington, D.C., Timothy Williamson, E.P.A., Boston, Mass., for plaintiff.

Michael P. DeFanti, Providence, R.I., for defendants.

## ORDER

DEVINE, Chief Judge.

In an Order dated June 10, 1988, 690 F.Supp. 1133, this Court held that plaintiff United States of America through the Environmental Protection Agency (EPA) may assess civil penalties against defendant Arkwright, Inc., with penalties to accrue from March 19, 1986. Currently before the Court is the United States' "Motion for Clarification" brought pursuant to Rule 59(e), Fed.R.Civ.P., which asks the Court to amend the order of partial summary judgment to allow penalty assessment to begin on July 1, 1985. The Court treats the motion as one for reconsideration.[1]

EPA seeks to impose penalties for Arkwright's failure to comply with the Rhode Island State Implementation Plan (SIP) of the Clean Air Act, 42 U.S.C. § 7401, et seq. (1982) ("Act"). On November 22, 1985, EPA issued a notice that Arkwright was in violation of the SIP as of July 1, 1985. However, in June 1985 Arkwright had entered into a consent agreement with the State of Rhode Island which was submitted to EPA as a proposed SIP revision on November 18, 1985. Although the Act requires EPA to rule on a proposed SIP revision within four months, see 42 U.S.C. § 7410(a)(2) and (a)(3)(A), EPA did not formally reject the proposed revision until October 19, 1987. EPA seeks to impose penalties to July 1, 1985, the first day of Arkwright's violation of the original SIP.

In fashioning an appropriate penalty period, the Court was guided by *Duquesne Light Co v. EPA*, 698 F.2d 456 (D.C.Cir. 1983), in which the court held that if EPA fails to act on a proposed SIP revision within the four-month time period, and ultimately rejects the revision, penalties for noncompliance with the original SIP may be assessed back to the close of EPA's four-month deadline. *Id.* at 472. In the instant case, because EPA did not act on Arkwright's proposed SIP revision until after the four-month deadline had passed, the Court held that EPA could impose penalties back to March 19, 1986, EPA's deadline for ruling on the revision.

In its motion for reconsideration, EPA argues that *Duquesne* is inapplicable to the instant case because it concerned the assessment of noncompliance penalties under 42 U.S.C. § 7420(b), rather than civil penalties under 42 U.S.C. § 7413. EPA argues that § 7413 mandates the assessment of penalties to the first day Arkwright violated the SIP, July 1, 1985. The Court does not agree.

Although civil penalties under 42 U.S.C. § 7413 may be assessed at $25,000 per day

---

**1.** Rule 59(e), Fed.R.Civ.P., provides: "A motion to alter or amend the judgment shall be served not later than 10 days after entry of judgment." The Court's order of partial summary judgment for the United States does not qualify as a "judg-

ment" under this rule. *See* Rule 54(a), Fed.R. Civ.P.; *see also* 10 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2651, text at n. 7 (1983). Therefore, Rule 59(e) is inapplicable to the instant case.

of violation, nothing in the statute specifies the day on which the penalty period must begin. *United States v. SCM Corp.*, 667 F.Supp. 1110, 1122 (D.Md.1987). Instead, Congress intended the courts to exercise substantial discretion in fashioning appropriate civil penalties under § 7413 of the Act. *Id.* at 1123.

In assessing penalties, courts have looked to a variety of factors, including the violating source's relationship with the state and governmental delay in bringing the action. *See id.* at 1126. In its June 10, 1988, decision, the Court balanced EPA's need to enforce air pollution guidelines with the need to mitigate any unfair burden that a source may bear when it enters into agreement with the state on a proposed SIP revision and EPA fails to respond within the statutorily required four-month time period. Nothing in the provisions of 42 U.S.C. § 7413 prohibits the Court, in its discretion, from taking such factors into account in considering the appropriate assessment of penalties. The fact that EPA chose § 7413, rather than § 7420, as its enforcement vehicle does not foreclose the Court from adopting the sound reasoning of the *Duquesne* decision. Accordingly, EPA's motion for reconsideration is herewith denied.

SO ORDERED.